87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard NITZ, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
Ronald L. OTTE, Commissioner State of Alaska, Department of
Public Safety; BRUCE M. BOTELHO, Attorney
General; STATE OF ALASKA, Defendants-Appellees.
 No. 96-35155.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1996.
Decided June 20, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 ORDER**
 
 
 3
 While this case was pending on appeal, the plaintiffs initiated a class action in state court asserting that the Alaska Sex Offender Registration Act (SORA) violated certain provisions of the Alaska Constitution. Upon motion by the defendants, the district court issued an order abstaining from further proceedings based on Younger v. Harris, 401 U.S. 37 (1971). We address sua sponte the propriety of the district court's decision to abstain under Younger. We hold that there have been no proceedings of substance on the merits in federal court and dismiss this appeal as moot.
 
 
 4
 "Younger abstention is appropriate only if there are pending state judicial proceedings." Polykoff v. Collins, 816 F.2d 1326, 1332 (9th Cir.1987). A state proceeding is "pending" for Younger purposes if state proceedings have been initiated "before any proceedings of substance on the merits have taken place in the federal court." Id. (quoting Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 238 (1984)). Although issuance of a preliminary injunction is considered to be a proceeding of substance for Younger purposes, see Midkiff, 467 U.S. at 238, a district court's refusal to grant a preliminary injunction is not a proceeding of substance on the merits unless the court held extensive hearings on the matter. See Hicks v. Miranda, 422 U.S. 332, 339-352 (1975); Polykoff, 816 F.2d at 1332.
 
 
 5
 In the present case, the district court refused to grant a preliminary injunction. The court did not hold extensive hearings on the matter. Although the district court did issue a temporary restraining order (TRO), this TRO was issued the day after the complaint was filed and was issued without a hearing and before the defendants had an opportunity to respond. Neither the issuance of the TRO nor the denial of the preliminary injunction constituted a proceeding of substance on the merits of the case. The filing of an appeal does not change this result.
 
 
 6
 Because there had been no proceedings of substance on the merits in federal court when the state court action was filed, Younger abstention is appropriate. This appeal of the district court's denial of the motion for a preliminary injunction is therefore DISMISSED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3